UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X
                              :
UNITED STATES OF AMERICA       :   05-CR-842 (ARR)
                              :
          v.                   :
                              :   April 11, 2007
THEODORE PAPAHATZIS,           :   Brooklyn, New York
                              :
               Defendant.      :
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:          UNITED STATES ATTORNEY
                             BY:  E. SCOTT MORVILLO, ESQ.
                             Assistant United States Attorney
                             One Pierrepont Plaza
                             Brooklyn, New York  11201


For the Defendant:           JOEL WINOGRAD, ESQ.
                             Winograd & Winograd, P.C.
                             450 Seventh Avenue
                             New York, New York  10123


Court Transcriber:           CARLA NUTTER
                             TypeWrite Word Processing Service
                             356 Eltingville Boulevard
                             Staten Island, New York 10312




Proceedings recorded by electronic sound recording,
transcript produced by transcription service

1          THE CLERK:  Criminal Cause for Pleading, 05-CR-842,
2     United States v. Theodore Papahatzis.

3          Counsel, please state your appearances for the
4     record.

5          MR. MORVILLO:  Scott Morvillo for the United States.
6     Good morning, Your Honor.

7          MR. WINOGRAD:  Joel Winograd for the defendant.  Good
8     morning, Your Honor.

9          THE COURT:  Good morning.

10          Mr. Papahatzis, the first matter we need to take up
11     is for me to inquire as to whether you consent to me,
12     Magistrate Azrack, hearing your plea.  As you know, your case
13     is assigned to Judge Ross and if your plea is accepted she'll
14     be sentencing you but she's asked me to hear your plea and I
15     can't hear your plea without your consent.  So that's my first
16     question.  Is that all right with you that I hear your plea?

17          THE DEFENDANT:  Yes.  Yes.

18          THE COURT:  Okay.  Now, I have to ask you a series of
19     questions which are part of the plea proceeding.  It's
20     important that you understand all of my questions because when
21     you answer them you're going to be under oath which means if
22     you gave a false answer to any of my questions you could be
23     charged with the additional crime which is the crime of perjury
24     or making a false statement when you're under oath.  Do you
25     understand that?

1    THE DEFENDANT:  Yes.

2    THE COURT:  Okay.  Would you please swear, Mr.

3  Papahatzis?

4         (Theodore Papahatzis, Defendant, Sworn.)

5    THE COURT:  All right.  What is your full name?

6    THE DEFENDANT:  Theodore Papahatzis.

7    THE COURT:  And how old are you?

8    THE DEFENDANT:  I'm 32.

9    THE COURT:  How far did you go in school?

10    THE DEFENDANT:  One year in college.

11    THE COURT:  Are you presently under the care of any

12  doctors?

13    THE DEFENDANT:  Yes.

14    THE COURT:  For what condition?

15    THE DEFENDANT:  Knee -- I had knee surgery -- left

16  knee surgery.

17    THE COURT:  And how long ago was that?

18    THE DEFENDANT:  Four years when I had one and I need

19  another one now.

20    THE COURT:  I'm sorry.  Are you taking any medication

21  in connection with that?

22    THE DEFENDANT:  Yes.

23    THE COURT:  What are you taking?

24    THE DEFENDANT:  Hydrocortisone.

25    THE COURT:  What is that?

1          THE DEFENDANT:  It's a pain medicine for the knee.

2          THE COURT:  And when did you last take it?

3          THE DEFENDANT:  This morning before I came about

4 9:30.

5          THE COURT:  Does it effect your ability to think

6 clearly?

7          THE DEFENDANT:  Not at all.

8          THE COURT:  Have you taken any other medicine in the

9 last 24 hours?

10         THE DEFENDANT:  I take medicine for the dermatologist

11 for my acne also.

12         THE COURT:  Okay.  Any narcotics (audio goes blank

13 for approximately three seconds) or alcohol in the last 24

14 hours?

15         THE DEFENDANT:  No.

16         THE COURT:  Is your mind clear today?

17         THE DEFENDANT:  Yes.

18         THE COURT:  Have you ever been treated for drug

19 addiction?

20         THE DEFENDANT:  No.

21         THE COURT:  Do you understand what's going on here

22 today?

23         THE DEFENDANT:  Yes.

24         THE COURT:  Mr. Winograd, have you discussed this

25 matter with your client?

1          MR. WINOGRAD:  I have, Your Honor.

2          THE COURT:  Please stay seated.  Remain seated.

3          Yes?

4          MR. WINOGRAD:  Yes.

5          THE COURT:  And in your view does he understand the

6 rights he'll be waiving by pleading guilty?

7          MR. WINOGRAD:  He does, Your Honor.

8          THE COURT:  Do you have any questions about his

9 competence?

10         MR. WINOGRAD:  None whatsoever.

11         THE COURT:  Did you advise him of the maximum

12 sentence and fine that can be imposed?

13         MR. WINOGRAD:  Yes, I did.

14         THE COURT:  Have you also discussed the sentencing

15 guidelines with him?

16         MR. WINOGRAD:  On a number of occasions, I have.

17         THE COURT:  Okay.  Mr. Papahatzis, have you had

18 enough time to discuss your case with Mr. Winograd?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Are you satisfied to have him represent

21 you?

22         THE DEFENDANT:  Absolutely.

23         THE COURT:  Did you receive a copy of the superseding

24 indictment containing the charges?

25         THE DEFENDANT:  Yes.

1    THE COURT:  Did you read the indictment?

2    THE DEFENDANT:  Yes.

3    THE COURT:  Do you understand that in Count One
4  you're charged with participating in a conspiracy or agreement
5  to possess and to possess with intent to distribute marijuana
6  and/or Ecstasy and cocaine?  Do you understand that?

7    THE DEFENDANT:  Yes.

8    THE COURT:  And have you discussed these charges with
9  Mr. Winograd?

10    THE DEFENDANT:  Yes.

11    THE COURT:  Mr. Papahatzis, you have a right to plead
12  not guilty to the charges in the indictment.  Do you understand
13  that?

14    THE DEFENDANT:  Yes.

15    THE COURT:  And if you plead not guilty you are
16  entitled to a speedy, public trial by a jury with Mr.
17  Winograd's assistance.  Understand?

18    THE DEFENDANT:  Yes.

19    THE COURT:  And at the trial you would be presumed
20  innocent and the government would have to overcome the
21  presumption of innocence and the government would have to prove
22  your guilt by competent evidence and beyond a reasonable doubt.
23  You would not have to prove that you were innocent.  If the
24  government failed to prove your guilt beyond a reasonable doubt
25  the jury at the trial would then have a duty to find you not

1  guilty. Do you understand that?

2          THE DEFENDANT: Yes.

3          THE COURT: If you went to trial, at trial witnesses

4  for the government would come to court and they would testify

5  before you and Mr. Winograd would have a right to cross-examine

6  those witnesses and he could object to evidence offered by the

7  government and he could offer evidence for you. Do you

8  understand that?

9          THE DEFENDANT: Yes.

10          THE COURT: In addition, at trial while you would

11  have a right to testify if you wanted to, no one could force

12  you to take the witness stand because under our Constitution a

13  defendant in a criminal case cannot be forced to be a witness

14  against himself. So if you went to trial and you decided you

15  did not want to testify at your trial Judge Ross would actually

16  direct the jury that they couldn't hold the fact that you had

17  not testified against you. Do you understand that?

18          THE DEFENDANT: Yes.

19          THE COURT: Now, if you plead guilty and your plea is

20  accepted there will be no trial. You will have given up your

21  right to the trial and instead the Court will simply enter a

22  judgment of guilty based on your plea here this morning.

23  Understand?

24          THE DEFENDANT: Yes.

25          THE COURT: In addition if you plead guilty I'm going

1  to have to ask you questions about what you actually did
2  because I have to be satisfied that you are really guilty of
3  the charge.  When you answer my questions you will be giving up
4  your right not to be a witness against yourself.  Do you
5  understand?

6          THE DEFENDANT:  Yes.

7          THE COURT:  Mr. Papahatzis, are you willing to give
8  up your right to the trial?

9          THE DEFENDANT:  Yes.

10         THE COURT:  I have a plea agreement I'm going to hand
11 to you and ask you whether you've read that agreement very
12 carefully?

13         THE DEFENDANT:  Yes, I have.

14         THE COURT:  Have you read that carefully?

15         THE DEFENDANT:  Yes.

16         THE COURT:  And after you read that plea agreement
17 did you discuss it with Mr. Winograd?

18         THE DEFENDANT:  Yes.

19         THE COURT:  After you two discussed the plea
20 agreement did you understand everything in it?

21         THE DEFENDANT:  Yes.

22         THE COURT:  Do you agree to the terms that are
23 contained in it?

24         THE DEFENDANT:  Yes.

25         THE COURT:  Did you sign it at the end to show your

1  agreement?

2          THE DEFENDANT:  Yes.

3          THE COURT:  Has anybody made any promise to you about

4  this case that's not contained in that plea agreement?

5          THE DEFENDANT:  No.

6          THE COURT:  Has anyone made a promise to you about

7  what your sentence will be?

8          THE DEFENDANT:  No.

9          THE COURT:  Do you understand there is a maximum

10  twenty year term of imprisonment for this charge?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Do you further understand that there is a

13  term of supervised release of at least three years and a

14  maximum supervised release term of life and I'm sure Mr.

15  Winograd has explained this to you but supervised release is

16  like a form of probation.  When you're on it for whatever term

17  Judge Ross sets you're free, you're at liberty but you're under

18  the supervision of the Probation Department and you must abide

19  by any conditions that they set of that supervision.  If you

20  violate a condition of your supervised release, depending on

21  how serious the violation is, you could be ordered to prison

22  for up to two additional years.  Do you understand that?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Now, there is a fine up to $1 million.

25  Do you understand that?

1  THE DEFENDANT:  Yes.

2  THE COURT:  There is a mandatory $100.00 special

3  assessment.  Do you understand that?

4  THE DEFENDANT:  Yes.

5  THE COURT:  Now, have you and Mr. Winograd discussed

6  the sentencing guidelines?

7  THE DEFENDANT:  Yes.

8  THE COURT:  I'm sure he explained to you that the

9  sentencing guidelines which used to be mandatory for Judges are

10  no longer mandatory but are now advisory and what that means is

11  that Judge Ross will look to the sentencing guidelines as one

12  factor along with many other factors that she will consider in

13  deciding how to sentence you.  Do you understand that?

14  THE DEFENDANT:  Yes.

15  THE COURT:  Also, prior to your sentencing you will

16  get a chance to read a document called the Presentence report

17  and that's all about you and circumstances of the crime and it

18  will recommend a guideline to the Judge for sentencing.  If you

19  think there is something wrong in the report you can have a

20  hearing on what you believe is incorrect prior to your

21  sentencing.  Do you understand that?

22  THE DEFENDANT:  Yes.

23  THE COURT:  In addition, under certain limited

24  circumstances you can appeal your sentence but I see that in --

25  I think in Paragraph 4 here of your plea agreement you've

1  agreed not to appeal your sentence or challenge your conviction

2  if Judge Ross sentences you to fourteen months or less?

3            THE DEFENDANT:  Correct.

4            THE COURT:  So the only situation in which you could

5  appeal would be if Judge Ross sentenced you to more than

6  fourteen months.  Do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  Is there anything else in the plea

9  agreement you would like me to review with the defendant, Mr.

10 Morvillo?

11           MR. MORVILLO:  Your Honor, I think Mr. Winograd wants

12 me to put on the record that Mr. Papahatzis has successfully

13 safety valved and based on the information that the government

14 possesses at this time the government believes that Mr.

15 Papahatzis is entitled to the two point reduction for safety

16 valve.

17           THE COURT:  Okay.  Do you understand that?

18           THE DEFENDANT:  Yes.

19           THE COURT:  Anything else you want me to review?

20           MR. WINOGRAD:  No, Your Honor.

21           THE COURT:  Okay.

22           Mr. Papahatzis, do you have any questions about the

23 charge or your rights or anything else relating to this matter?

24           THE DEFENDANT:  No.

25           THE COURT:  Are you ready to plead?

1  THE DEFENDANT:  Yes.

2  THE COURT:  Mr. Winograd, do you know of any reason
3  why Mr. Papahatzis should not plead guilty?

4  MR. WINOGRAD:  No, Your Honor.

5  THE COURT:  All right.  Mr. Papahatzis, what is your
6  plea to Count One of the superseding indictment?  Guilty or not
7  guilty?

8  THE DEFENDANT:  Guilty.

9  THE COURT:  Are you making this plea of guilty
10  voluntarily and of your own free will?

11  THE DEFENDANT:  Yes.

12  THE COURT:  Has anybody threatened or forced you to
13  plead guilty?

14  THE DEFENDANT:  No.

15  THE COURT:  Describe to me in your own words what it
16  is you did between March 2005 and November 2005 to participate
17  in this drug conspiracy?

18  THE DEFENDANT:  In 2005 I conspired with others to
19  distribute Marijuana.

20  THE COURT:  And where did you do this?

21  THE DEFENDANT:  In the Eastern District of New York.

22  THE COURT:  Where?

23  THE DEFENDANT:  In Brooklyn.

24  THE COURT:  And does that mean you conspired to sell
25  Marijuana?

1    THE DEFENDANT:  Not to sell, I was laying out --
2  doing a favor and laying out the money for one of my friends.
3    THE COURT:  For one of your friends to do what?
4    THE DEFENDANT:  Well, he was looking to buy it and
5  then resell it to somebody else.
6    THE COURT:  And so you financed it?
7    THE DEFENDANT:  Yes.
8    THE COURT:  And did you understand that that's what
9  you were financing?
10    THE DEFENDANT:  Yes.
11    THE COURT:  You were financing Marijuana sales?
12    THE DEFENDANT:  Sales.  Right.
13    THE COURT:  And did you do this on one occasion?
14    THE DEFENDANT:  Yes.
15    THE COURT:  And you knew it was against the law to do
16  that?
17    THE DEFENDANT:  Yes.
18    THE COURT:  And you knew the money that you were
19  fronting him to do this was going to be used to buy and sell
20  Marijuana?
21    THE DEFENDANT:  Yes.
22    THE COURT:  Anything else?
23    MR. MORVILLO:  No, Judge.
24    THE COURT:  Okay.  Based on the information I've
25  heard I find that Mr. Papahatzis is acting voluntarily, fully

1  understands his rights and the consequences of his plea and

2  that there is an adequate factual basis for his plea to Count

3  One of the superseding indictment so I recommend to Judge Ross

4  that this plea of guilty be accepted.

5       Sentencing, I guess, will be set by Probation and

6  then you're out on a bond; is that right?

7       THE DEFENDANT:  Yes.

8       MR. WINOGRAD:  Yes.

9       THE COURT:  Is there any objection to his bail being

10 continued?

11      MR. MORVILLO:  No, Judge.

12      THE COURT:  Okay.  So your bail conditions are the

13 same.  Thank you.

14      MR. MORVILLO:  Thank you, Judge.

15      MR. WINOGRAD:  Thank you, Your Honor

16                    *  *  *  *  *

17

18

19

20

21

22

23

24

25

* * * * *

I certify that the foregoing is a transcript from an electronic sound recording of the proceedings in the above-entitled matter.

_____

CARLA NUTTER

Dated:  May 6, 2007